OPINION of the Court, by
Judge Logan
Thii ' is a suit in chancery to recover surplus land contained ’ in a deed of conveyance, which was executed under art agreement to exchange certain lands acre lor acre,
Swann, who was the complainant in the court below, obtained a decree for the surplus, from which Shipp prosecutes this writ of error.
It appears in the cause that the deed from Swann to Shipp contains Í05 acres and one fourth of an acre, instead of 72 acres, the quantity exchanged. It also appears that Shipp had surveyed this land before the deed was executed, and that he drew, or caused to be drawn, the deed from Swann to him, in which the distances on two sides of the land are not mentioned.
But it likewise appears that Toliver Craig, junr. had surveyed this land for Swann, and Craig proves that he made a mistake of twenty-two poles on the end lines of the survey. That there was a mistake, however, the surveyor’s report in this cause conclusively proves.
Shipp contends that he received the land “for more or’ less and if there were less than the quantity by him given in exchange, still he would have been bound to take it. He denies that he knew whether he would gain or lose land by the exchange.
The court, however, can but concur with the circuit court in ’opinion, frdm the evidence and circumstances In the cause, that the surplus must be reconveyed to Swann, allowing for the five acres of surplus contained in Ship,.» s to Swann.
¶ tie SvJtcnwnts by Swann, that he was satisfied with the < x Tange, &c. after he had executed the deed to Shipp, seem to have been made before he was apprized of the gross mistake or fraud which he now charges, and ought not to injure him.
*83 But Swann exhibited another bill, and obtained an Injunction to stay r.eiiain monies in the hands of Shipp’s debtors, in order to meet hip .demand for the land so improperly conveyed, in case he could not recover the land itself; and the circuit court not having dissolved the injunction by their decree in this case, it is assigned for error.
The subject of that bill and answer does not appear to the court to come properly before it in this cause. The bill of injunction and answer thereto rather appear to relate to a distinct suit, and to have been unnecessarily copied into this record. The cause in that respect does not assume such an aspect as to warrant this coui% in reversing the decree of the circuit court.
Decree affirmed, &c.